# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| George Alea and Curtis Hamburg, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Wilson Sporting Goods Co., <br><br> Defendant. | Case No. 1:17-cv-00498 <br><br> **FINAL CLASS SETTLEMENT APPROVAL ORDER** <br><br> Hon. Gary Feinerman |

## FINAL CLASS SETTLEMENT APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and pursuant to the Court's Order granting preliminary approval to the Parties' Settlement Agreement, and due and adequate notice having been given to appropriate Federal and State officials, and due and adequate notice having been given to the Settlement Class, the Court having considered the papers filed and proceedings in this matter, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the subject matter of this Lawsuit and over all parties thereto including all members of the Settlement Class.

2. Capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement and the exhibits thereto.

3. The Court preliminarily approved the Parties' Settlement Agreement by Preliminary Approval Order dated December 13, 2018, and the Court finds that the Class Notice provided to the Settlement Class under the Settlement Agreement and pursuant to the Court's order preliminarily approving the Settlement Agreement, including individual email and mail notice to all members of the Settlement Class who could be identified through reasonable effort, and publication notice for those individuals for whom the parties did not have email or address information, constitutes the best notice practicable under the circumstances. Said notice provided full and adequate notice of these proceedings and of the matters set forth in the Settlement Agreement to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and Illinois Constitutions.

4. The Court has read and considered the papers filed in support of Plaintiffs' Motion, including the Settlement Agreement and exhibits thereto and supporting declarations.

5. The Court held a Final Approval Hearing on June 4, 2019 (the "Final Fairness Hearing"), at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement Agreement.

6. Based on the papers filed with the Court and the Court's consideration of the entire record in this case, the Court now gives final approval to the Settlement Agreement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Lawsuit, and the fact that the Settlement Agreement is the result of arms-length negotiations, further support this finding.

7. Pursuant to F.R.C.P. Rule 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class consisting of:

> All individuals in the United States who purchased a new Louisville Slugger Prime 915 BBCOR baseball bat, or a new Louisville Slugger Prime 916 BBCOR baseball bat, or a new Louisville Slugger Prime 917 BBCOR baseball bat, from retailers after April 21, 2015, excluding auction sites such as eBay.

8. The Court finds that Plaintiffs George Alea and Curtis Hamburg acted fairly and adequately to protect the interests of the Settlement Class and are hereby confirmed as Class Representatives for the Settlement Class. The Court also approves incentive award payments to Plaintiffs for their service as Class Representatives in the sum of $5,000 each, for a total of $10,000. The payment of the Class Representative Awards shall be made in accordance with the terms of the Settlement Agreement.

9. Handley Farah & Anderson PLLC, Baron & Herskowitz, Cuneo Gilbert & LaDuca, LLP, and Lite DePalma Greenberg, LLC have shown that they are qualified to conduct the pending litigation and represent Plaintiffs and the Settlement Class and are therefore confirmed as Class Counsel.

10. Pursuant to the terms of the Settlement Agreement, and the authorities, evidence, and argument set forth in Class Counsel's application, the Court awards attorneys' fees and expenses in the amount of $550,000, as final payment for and in complete satisfaction of any and all attorneys' fees and expenses incurred by and/or owed to Class Counsel. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement Agreement and their request for attorneys' fees, costs and expenses and the lack of any filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement Agreement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement Agreement was negotiated at arms-length without collusion, and that the

negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel, as a group, would seek an award in the amount sought. Fourth, the Court finds that, utilizing the lodestar method of analysis, Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of attorneys' fees and expenses to Class Counsel shall be made in accordance with the terms of the Settlement Agreement.

11. The Court hereby approves the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

12. The Settlement Agreement shall be implemented and consummated in accordance with its definitions and terms.

13. The Releasing Parties, as defined in the Settlement Agreement, shall be deemed to have, and by operation of this Order shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties in accordance with the Settlement Agreement. Plaintiffs shall be deemed to, as of the Effective Date, finally, fully, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of Cal. Civ. Code § 1542, and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO THE CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

DEBTOR.

14. All Released Claims shall be merged into this Order with respect to the Settlement Class, except for the attorneys' fees and expenses owed to Class Counsel and the Class Representative Awards to Plaintiffs pursuant to the Settlement Agreement, and Plaintiffs, the members of the Settlement Class, and the Releasing Parties (and all persons acting or purporting to act on their behalf) are permanently barred and enjoined from instituting, commencing, asserting or continuing any of the Released Claims either directly, representatively, or in another other capacity or derivatively, against the Released Parties in this or any other jurisdiction.

15. In addition, and as provided in the Settlement Agreement, Plaintiffs further release all other claims against the Released Parties, whether known or unknown, under federal law or state law, from the beginning of time to the date this Settlement Agreement is executed, subject to any limitations contained within the Settlement Agreement. With respect to the Released Claims, including any unknown claims, Plaintiffs shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provision, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO THE CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

16. Plaintiffs, members of the Settlement Class and the Releasing Parties shall be deemed conclusively to have released and extinguished the Released Claims against Wilson and the Released Parties as of the Effective Date as set forth in the Settlement Agreement.

17. Neither the Settlement Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any admission by Wilson, nor is this Order a finding of the validity of any claims or damages in the Lawsuit. Furthermore, neither the Settlement Agreement, nor the fact that a settlement has been reached in this Lawsuit, shall constitute any concession by Wilson and neither shall be used as an admission of any fault nor omission by any person. Neither this Order, the Settlement Agreement or any other document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Wilson of any fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement, and the exhibits thereto, and any negotiations or proceeding related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Wilson and shall not be offered in evidence by any party to the Settlement Agreement, or by any member of the Settlement Class, in any action or proceeding against any party hereto before any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release; except that the Settlement Agreement and the exhibits may be filed in this Lawsuit or in any related litigation to enforce the Settlement Agreement, or in any subsequent action against or by Wilson to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

18. The terms and provisions of this Order and the Settlement Agreement shall bind all member of the Settlement Class as no members of the Settlement Class sought to exclude themselves.

19. There were no objections to the Settlement Agreement.

20. Without affecting the finality of this Order in any way, this Court hereby retains

6

and reserves continuing jurisdiction over: (1) implementation of this Settlement Agreement; and (2) all parties hereto for the purposes of enforcing and administering the Settlement Agreement and exhibits thereto.

21. There being no just reason to delay the entry of this Judgment, the clerk is ordered to enter this Order forthwith.

22. In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Order shall be rendered null and void and be vacated and the Settlement Agreement with all orders entered in connection therewith shall be rendered null and void (except as set forth in the Settlement Agreement).

**IT IS SO ORDERED**.

Dated: June 4, 2019

_____
Gary Feinerman,
United States District Judge